IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01477-OES

VERONICA M. TAPIA,

    Plaintiff,

v.

DENVER COUNTY JAIL,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
OCT 19 2005
GREGORY C. LANGHAM
CLERK

---

ORDER TO FILE AMENDED COMPLAINT AND TO SHOW CAUSE

---

Plaintiff Veronica M. Tapia currently is incarcerated at the Denver County Jail. She has filed a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343.

The Court must construe the Complaint liberally, because Ms. Tapia is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Ms. Tapia will be ordered to file an Amended Complaint and to show cause why the action should not be dismissed for failure to exhaust the Denver County Jail administrative grievance procedure.

The Court has reviewed Ms. Tapia's Complaint and has determined that it is deficient. Ms. Tapia asserts three claims that arise from her incarceration at the Denver County Jail. As her first claim, she alleges that on one occasion she was not allowed to go outside. In her second claim, she contends that her living unit is unhealthy, because

there are bugs and spiders. As a third claim, Plaintiff maintains that Officer Wise told another inmate why she is in jail.

The Court has reviewed the Complaint and has determined that it is deficient. Ms. Tapia may not sue the Denver County Jail. The Jail is not a separate entity from the City and County of Denver and, thus, is not a person under 42 U.S.C. § 1983. **See Stump v. Gates**, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). Any claims asserted against the Jail must be considered as asserted against the City and County of Denver. Municipalities, such as the City and County of Denver, and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. **Monell v. New York City Dep't of Social Servs.**, 436 U.S. 658, 694 (1978); **Hinton v. City of Elwood, Kan.**, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. **City of Canton, Ohio v. Harris**, 489 U.S. 378, 385 (1989). Plaintiff cannot state a claim for relief under 42 U.S.C. § 1983 merely by pointing to isolated incidents. **See Monell**, 436 U.S. at 694.

Ms. Tapia also is instructed that personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Ms. Tapia must show that each named Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993).

2

Ms. Tapia will be ordered to file an Amended Complaint in which she sues the proper Defendants and alleges specific facts to demonstrate how each Defendant personally participated in the asserted constitutional violations.

In addition, pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." An inmate must exhaust administrative remedies before seeking judicial relief regardless of the relief sought and offered through administrative procedures, *see Booth v. Churner*, 532 U.S. 731, 739 (2001), and regardless of whether the suit involves general circumstances or particular episodes. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Ms. Tapia is a prisoner confined in a correctional facility. The claims she asserts relate to prison conditions. Therefore, she must exhaust the available administrative remedies as to each of her claims. Furthermore, 42 U.S.C. § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. Dec. 29, 2003). Although Ms. Tapia has attached copies of inmate grievance forms for each claim that she raises, it is not clear that she has exhausted the grievances simply by filing the grievance form and receiving a response, or if she is required to appeal the answer in order to exhaust administrative remedies. Therefore, Ms. Tapia will be required to respond and state how a grievance is exhausted under the Denver County Jail grievance procedure and whether or not she has exhausted her claims. Accordingly, it is

ORDERED that Ms. Tapia file **within thirty (30) days from the date of this Order** an original copy of an Amended Complaint that complies with the directives in this Order and that shows cause why the Complaint should not be dismissed for failure to exhaust the Denver County Jail grievance procedure as to each of her asserted claims. It is

FURTHER ORDERED that the Amended Complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the Clerk of the Court mail to Ms. Tapia, together with a copy of this Order, two copies of the Prisoner Complaint form for use in submitting the Amended Complaint. It is

FURTHER ORDERED that Ms. Tapia submit sufficient copies of the Amended Complaint to serve each named Defendant. It is

FURTHER ORDERED that, if Ms. Tapia fails to comply with this Order to the Court's satisfaction within the time allowed, the Complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 19 day of October, 2005.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01477-OES

Veronica Tapia
Prisoner No. 1408924
Denver County Jail
PO Box 1108
Denver, CO 80201

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 10/19/05

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk